IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles M. Cassell III, | : | |
| Petitioner | : | Case No. 2:12-cv-0964 |
| v. | : | Judge Marbley |
| Parole or Probation Officers of the United States, *et al.*, | : | Magistrate Judge Abel |
| Respondents | : | |
| | : | |

# REPORT AND RECOMMENDATION

Petitioner Charles M. Cassell III, a prisoner of the State of North Carolina, brings this action for writ of habeas corpus seeking removal of a federal detainer that limits the programs he is eligible to participate in while incarcerated there. This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

The petition alleges that petitioner was convicted in the Middle District of Florida for armed robbery. He was released from prison to report to a halfway house in Columbus, Ohio but failed to do so. A warrant was issued for his arrest. *United States v. Cassell,* 2:00-cr-161 (S.D. Ohio November 8, 2000). Cassell committed further robberies and now is incarcerated in a North Caroline prison serving a state court sentence. Because a detainer is lodged against him, Cassell is not eligible to participate in certain programs, including work-release.

However, the petition contains no allegations that the detainer is invalid. Cassell failed to report to the halfway house, violating the conditions of his release. He committed additional crimes while a fugitive. The arrest warrant is valid. The effect the state of North Carolina gives the detainer gives rise to no right to be released from it.

Accordingly, the Magistrate Judge RECOMMENDS that this habeas corpus action be DISMISSED for failure to state a claim entitling petitioner to habeas corpus.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge
